UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Joshua Harris, | Case No. 23-cv-0426 (ECT/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Adam Goldfine, et al., | |
| Defendants. | |

This matter comes before the undersigned U.S. Magistrate Judge under a general assignment made in accordance with 28 U.S.C. § 636, and on Plaintiff Joshua Harris's (1) opening pleading in this action ("Complaint" [Docket No. 1]), and (2) Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application" [Docket No. 3]). For the following reasons, the Court recommends dismissing this action without prejudice and denying the IFP Application as moot.

The Court received the Complaint on February 21, 2013; at the time the Court received the Complaint, Plaintiff resided at the Ramsey County Adult Detention Center ("ADC") awaiting proceedings in state-court criminal proceedings. (See Compl. [Docket No. 1] at 1–3; Envelope [Docket No. 1-1] at 1).[1] The Complaint names three defendants: (1) Adam Goldfine, a public defender representing Plaintiff in at least one criminal matter; (2) Ramsey County; and (3) the Ramsey County Public Defender's Office. (See Compl. [Docket No. 1] at 3).

At root, the Complaint contends that Goldfine has provided Plaintiff ineffective assistance of counsel in various ways. First, Plaintiff asserts that certain problems with obtaining bail occurred because of miscommunications by Goldfine. (See Id. at 1). Second, he complains that

---

[1] Citations to filed materials use the page numbers applied by the Court's CM/ECF filing system.

Goldfine improperly handled a court hearing that Plaintiff did not want to attend because he allegedly had Covid-19 at the time. (See Id. at 1–2). Finally, he makes various assertions suggesting that Goldfine's handling of Plaintiff's cases has improperly led to Plaintiff spending unnecessary time confined at the ADC. (See Id. at 3–4). For relief, Plaintiff asks for $180 million in damages and unspecified injunctive relief such that Plaintiff "never see[s] a [j]ail again." (Id. at 3).

Under 28 U.S.C. § 1915A(a), district courts are to "review . . . [any] complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The Complaint falls within this standard. Under § 1915A(b), as relevant here, "[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . fails to state a claim upon which relief may be granted . . . ."

To determine whether a pleading states a claim for which relief is grantable, a district court assumes that the pleading's allegations are true and makes all reasonable plaintiff-favoring inferences that the allegations support. See, e.g., Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594–95 (8th Cir. 2009) (citing cases). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint need not contain "detailed factual allegations," but must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555 (citing authorities). The question of whether a pleading states a claim is "context-specific"; a court must "draw on its judicial experience and common sense." Zink v. Lombardi, 783 F.3d 1089, 1098 (8th Cir. 2015) (en banc) (quoting Magee v. Trs. of Hamline Univ., 747 F.3d 532, 535 (8th Cir. 2014) (cleaned up)). The Court construes pro se complaints liberally, but pro se litigants "still must allege

2

sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (citing cases).

The Court here concludes that the Complaint fails to state a claim. As a threshold issue, the Court construes Plaintiff as trying to bring claims under the U.S. Constitution. (See Compl. [Docket No. 1] 1 (referring to ineffective assistance of counsel in criminal representation); Id. at 3 (asserting violations of "unalienable [r]ights of [l]ife, [l]iberty, and the [p]ursuit of happiness")). Plaintiffs cannot sue under the Constitution directly, so the Court construes Plaintiff as bringing his claims under 42 U.S.C. § 1983. See, e.g., Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) (citing cases); Franco v. Minnesota, No. 12-CV-1706 (ADM/JJG), 2013 WL 2556510, at *5 (D. Minn. June 11, 2013) (citing Azul-Pacifico, Inc.).

With respect to Goldfine, however, claims under § 1983 are a nonstarter. A plaintiff pressing a § 1983 claim must allege "'(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right.'" Zutz v. Nelson, 601 F.3d 842, 848 (8th Cir. 2010) (quoting Schmidt v. City of Bella Villa, 557 F.3d 564, 571 (8th Cir. 2009)). This raises the question of whether a plaintiff's public defender acts "under color of state law" for § 1983 purposes. The answer here is clear: A public defender does not do so "when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); see also, e.g., Rogers v. Bruntrager, 841 F.2d 853, 856 (8th Cir. 1988) (citing Polk Cnty.). The Complaint thus fails to state any claims against Goldfine. Consequently, the Court recommends dismissing any such claims without prejudice.

This leaves the Complaint's claims against Ramsey County and the Ramsey County Public Defender's Office. The Complaint's only allegations against these entities are that (1) Ramsey

3

County "assigned [Goldfine] to my case," and (2) Plaintiff believes that Ramsey County and the Ramsey County Public Defender's Office violated his rights. The second allegation is simply a banal assertion with no supporting facts, plainly not enough to state a claim. As for the first allegation, even assuming the County itself did assign Goldfine to one or more of Plaintiff's case—which the Court doubts, but credits for the sake of this Report and Recommendation—merely assigning Plaintiff a public defender cannot ground constitutional liability. This is particularly true given that caselaw is clear that under § 1983, a claim against an entity cannot simply based on the entity employing some individual who violates a plaintiff's rights: The entity itself must cause the relevant constitutional violation. See, e.g., Irvin v. Richardson, 20 F.4th 1199, 1208 (8th Cir. 2021) ("Mere employment of a tortfeasor does not provide a basis for liability." (citing S.M. v. Lincoln Cnty., 874 F.3d 581, 585 (8th Cir. 2017)). The Court therefore recommends dismissing the Complaint's claims against Ramsey County and the Ramsey County Public Defender's Office without prejudice for failure to state a claim.[2]

This above recommendation of dismissal renders moot Plaintiff's IFP Application. Thus, the Court further recommends denying the IFP Application as moot.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

---

[2] Although Plaintiff was confined to the ADC at the time he filed the present action, it appears that he has now been released from that facility. A mailing the Clerk of Court's office mailed to Plaintiff was returned as undeliverable, and Plaintiff has failed to provide any forwarding address or updated contact information. Plaintiff's failure to provide updated contact information does not alter this Court's recommendation. It is Plaintiff's obligation to keep this Court apprised of his updated contact information so that he may receive correspondence from the Court. See, e.g., Heiderscheid v. Dakota Cnty. Sheriff Off., No. 18-cv-1180 (JNE/LIB), 2020 WL 5128147, at *6 (D. Minn. July 22, 2020), report and recommendation adopted 2020 WL 5106816 (D. Minn. Aug. 31, 2020), aff'd, 848 Fed. App'x 678 (8th Cir. 2021); Aery v. Nohre, No. 20-cv-1958 (PJS/LIB), 2021 WL 3410336, at *2 (D. Minn. July 6, 2021) (collecting cases), report and recommendation adopted, 2021 WL 3409328 (D. Minn. Aug. 4, 2021).

1. This action be **DISMISSED without prejudice** for failure to state a claim under 28 U.S.C. § 1915A(b); and

2. Plaintiff's IFP Application, [Docket No. 3], be **DENIED as moot**.

Dated: March 23, 2023                           s/Leo I. Brisbois
                                                Hon. Leo I. Brisbois
                                                United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).